ENTERED NOV 1 9 2014

STATE OF MAINE
CUMBERLAND, SS

DISTRICT COURT
DISTRICT OF PORTLAND
DOCKET NO.: PORDC-RE-11-348

*J1211294*

*JLH-CUM-05-21-14*

GREEN TREE SERVICING, LLC

**PLAINTIFF**

V.

GARRY R. ZEEGERS, SOLELY IN HIS CAPACITY AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF
NANCY L. DINSMORE A/K/A NANCI L. DINSMORE,

**DEFENDANT**

HELENE MARIE SPOSATO AND
ARLENE GAIL DINSMORE

**PARTIES-IN-INTEREST**

---

### REVISED JUDGMENT OF FORECLOSURE AND SALE
### TITLE TO REAL ESTATE IS INVOLVED
### PROPERTY ADDRESS: 28 Bayou Road, Cumberland County, Maine
### MORTGAGE RECORDED IN CUMBERLAND COUNTY
### REGISTRY OF DEEDS IN BOOK 23231, PAGE 235
### JUDGMENT OF FORECLOSURE AND SALE

This matter came before the Court on February 25, 2014. After hearing, Plaintiff appearing and the Defendant [having appeared/having appeared through counsel/having not appeared], Party in Interest, Helene Marie Sposato [having appeared/having not appeared], and Party in Interest, Arlene Gail Dinsmore [having appeared/having not appeared], the Court finds as follows:

1. That Defendant has breached the condition of Plaintiff's mortgage dated September 26, 2005, (the "Mortgage") and recorded in the Cumberland County Registry of Deeds in Book 23231 at Page 235, by failing to make payments on the promissory note (the "Note"), executed of even date and secured by said Mortgage.

2. As of February 25, 2014, the total amount due under the terms of said Note and Mortgage is $181,458.56.

A detailed accounting is attached hereto as **Schedule A**.

Pursuant to 14 M.R.S.A. §§ 1602-B and 1602-C, the prejudgment interest rate is 6.125% per annum of said principal balance and the post-judgment interest rate is 6.16% per annum.

In addition to the attorney fees set forth in Schedule A, in the amount of $1,275.00, Plaintiff is awarded an additional amount of $1,525.00 in attorney fees.

Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security.

3. The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST: The Plaintiff, by virtue of its mortgage in the above amounts and attorney fees;

SECOND: To be paid to Defendant or in accordance with any further order of this Court.

4. The Plaintiff's claim for attorney's fees is integral to the relief sought, within the meaning of M.R. Civ. P. 54(b)(2), and there is no just reason for delay in the entry of final judgment for Plaintiff on all claims.

WHEREFORE, it is hereby ordered and decreed that if the Defendant does not pay the Plaintiff the amount due, together with accrued interest and late charges as set forth above, within ninety days of the date hereof, Plaintiff shall sell the mortgaged real estate pursuant to 14 M.R.S.A. §6321 et seq. and disburse the proceeds of said sale after deducting the expenses thereof, in the amounts and priorities as determined above. The surplus, if any, shall be deposited with the Clerk for the benefit of the Defendant in accordance with the statute, unless said Defendant enters an appearance in this action.

Plaintiff is granted exclusive possession of the real estate mortgaged to it upon expiration of the statutory ninety (90) day redemption period. A Writ of Possession shall be issued to Plaintiff for possession of said real estate if it is not redeemed, as aforesaid.

Find that the Defendant is liable for any deficiency balance remaining due to Plaintiff after the sale of the mortgaged real estate and application of the proceeds of sale to the extent the Defendant may be liable therefore, and/or as affected by the terms of the United States Bankruptcy Code, if applicable;

The following provisions are set forth pursuant to 14 M.R.S.A.§2401:

1. The names and addresses, if known, of all parties to the action, including the counsel of record, are set forth in **Schedule B** attached hereto

2. The docket number is RE-11-348.

3.  The Court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure. Such notice was not given pursuant to an order of court.

4.  The street address and a description of the real estate involved is set forth in **Schedule C** attached hereto.

5.  The Plaintiff is responsible for recording the attested copy of the judgment and for paying the appropriate recording fees.

The Clerk is hereby directed to enter this Judgment as a final judgment pursuant to M.R. Civ. P. 54(b)(1).

The Clerk is specifically directed pursuant to M.R. Civ. P. 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

DATED: _5-21-14_, 2014

STATE OF MAINE District Court
Cumberland ss Clerk's Office

MAY 22 2014

**RECEIVED**

Date entered in the docket book: 5/22/14

CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S. § 2401(3)(F)

Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following the entry of judgment.

Dated: _____, 20_____    _____
                                                                            Clerk of Court